AYRES, Judge.
This is an action to establish the paternity of a minor. Plaintiff, as the mother and natural tutrix of Yvonne DeCarlo Byrd, first seeks to have said child decreed the offspring of a putative marriage between her and the defendant, and, secondly, and in the alternative, that the defendant be recognized as the father of said child. In either event, it is prayed that the defendant be condemned to pay alimony for the support of the child. The defendant denied that he is the father of said child through a putative marriage or otherwise. From an adverse judgment, plaintiff has appealed.
A marriage, although null, produces its civil effects as it relates to the parties and their children, if it has been contracted in good faith. LSA-C.C. art. 117. However, no factual bases were established upon which it could be held that plaintiff was a good-faith wife of the defendant. The evidence utterly failed to prove a marriáge, or the performance of any marriage ceremony, uniting these parties in wedlock. Plaintiff’s testimony is to the effect that, after having lived with the defendant in concubinage from November, 1958, she and the defendant went to Texas during January, 1959, where a marriage ceremony was performed. She did not know the alleged officiating minister nor any of the witnesses, nor were they produced as witnesses. She produced no documentary evidence of a marriage. Indeed, under cross-examination, she testified that she had never been married to anyone nor had a marriage license ever been issued for such a marriage.
The trial court was not convinced that a marriage ceremony was performed, nor are we. Nevertheless, in any event, the evidence leaves no room for doubt of plaintiff’s utmost bad faith.
On the second of the issues presented, it may be pointed out that illegitimate children who have not been legally acknowledged may be allowed to prove their paternal descent. LSA-C.C. art. 208. For the establishment of the paternal descent authorized by the aforesaid article, plaintiff relies primarily upon the rules pre *387 scribed in the provisions of LSA-C.C. art. 209. These provisions, however, are inapplicable to the factual situation shown to exist in this instance. There is not a scintilla of evidence of any private writings through which the defendant acknowledged the child as his own. Serious doubt exists that the defendant acknowledged the child as his own in any conversation. The evidence offered is conflicting and the defendant denies any such acknowledgment.
Although it clearly appears that plaintiff lived in a state of concubinage with the defendant, she lived in her house and not in his house at the time the child was conceived. Moreover, plaintiff’s testimony as a whole is unconvincing; she is unworthy of belief. She admitted, during the trial of the instant case, she committed perjury in the case of Fale Nora Byrd against this defendant for a divorce wherein she was named a corespondent by testifying under oath she had never committed adultery with defendant, or they had ever lived together as man and wife. Therefore, plaintiff’s testimony is insufficient to establish the natural paternity descent of the minor under the provisions of LSA-C.C. art. 210, which provides :
“The oath of the mother, supported by proof of the cohabitation of the reputed father with her, out of his house, is not sufficient to establish natural paternal descent, if the mother be known as a woman of dissolute manners, or as having had an unlawful connection with one or more men (other than the man whom she declares to be the father of the child) either before or since the birth of the child.”
In this connection, it may be pointed out that the uncontradicted testimony is that plaintiff had previously given birth to another child, out of wedlock, whose father, she stated, was a staff sergeant in the United States Army and from whom she was receiving $85 per month for its support. That plaintiff is a woman of most dissolute manners and that she has practiced illicit relations with other men is clearly shown by the evidence.
The case of Rousseau v. Bartell, 224 La. 601, 70 So.2d 394, is readily distinguishable from the instant case. The plaintiff was not a person of dissolute manners, nor did the testimony establish she had unlawful connection with any man, other than the reputed father of the child, either before or since its birth.
For the reasons assigned, the judgment appealed should be, and it is hereby, affirmed at appellant’s cost.
Affirmed.